NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 5 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA DE LA CRUZ MORALES DE
MARTINEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.   16-70971

Agency No. A202-003-980

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2025[**]
Pasadena, California

Before:  CALLAHAN, OWENS, and KOH, Circuit Judges.

Maria de la Cruz Morales de Martinez ("Morales"), a native and citizen of

El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA")

decision dismissing her appeal of an immigration judge's ("IJ") decision finding

her removable and denying her application for asylum.  "Where, as here, the BIA

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

cites [*Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994),] and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (citation omitted). We review an IJ's decision to admit or exclude evidence on authentication grounds for an abuse of discretion. *Vatyan v. Mukasey*, 508 F.3d 1179, 1182 (9th Cir. 2007). "We review for substantial evidence the [agency's] factual findings, which should be upheld unless the evidence compels a contrary result." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076 (9th Cir. 2020) (citation and internal quotation marks omitted). As the parties are familiar with the facts, we do not recount them here. We deny the petition.

1. Morales argues that the government's evidence to prove her alienage for removability—a Form I-213 and Salvadoran identification card—was not properly authenticated. *See Smith v. Garland*, 103 F.4th 663, 667 (9th Cir. 2024) (noting that "authentication of documents is required in immigration proceedings").

However, Morales fails to show that the Department of Homeland Security attorney's provision of the original Form I-213 from Morales's Alien File was insufficient authentication. *See* 8 C.F.R. § 287.6(a) (providing that domestic official records "shall be evidenced by an official publication thereof, or by a copy attested by the official having legal custody of the record or by an authorized deputy"); *cf. Espinoza v. INS*, 45 F.3d 308, 309-10 (9th Cir. 1995) (holding that the

2

certification of the petitioner's Form I-213 by INS's district director satisfied § 287.6(a)).  Contrary to Morales's contention, this case differs from *Iran v. INS*, where, among other things, there was no evidence on the record that the form proffered by the government "constitute[d] part of [the petitioner's] INS file."  656 F.2d 469, 473 (9th Cir. 1981).

Regarding the Salvadoran identification card, Morales argued before the IJ that it was not properly authenticated as a foreign record, but she does not mention that argument before this court, and therefore she has forfeited it.  *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (stating that issues not "specifically and distinctly" argued in the opening brief are forfeited (citation omitted)).

2.  For her asylum claim, Morales alleged that she feared that if she returned to El Salvador, she or her daughter might be killed by gang members because her brother is a police officer.

The IJ found that Morales had not shown past persecution, and the BIA noted that Morales did not contest that finding.  Therefore, Morales failed to exhaust any challenge to the IJ's finding that she did not show past persecution. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (stating that administrative exhaustion under 8 U.S.C. § 1252(d)(1), while no longer jurisdictional, is a claim-processing rule that the court "must enforce" when it is "properly raise[d]" (citation omitted)).

Substantial evidence supports the agency's finding that Morales failed to show an objectively reasonable well-founded fear of future persecution. *See Sharma v. Garland*, 9 F.4th 1052, 1065 (9th Cir. 2021) (noting that a fear of future persecution "must be objectively reasonable"). For example, Morales has other family members, including her police officer brother, who continue to reside unharmed in the house where she lived in El Salvador. *See id.* at 1066 ("The ongoing safety of family members in the petitioner's native country undermines a reasonable fear of future persecution.").

Moreover, before this court, Morales does not challenge the agency's finding that she failed to show the persecution would be committed by the Salvadoran government or forces that the government would be unable or unwilling to control. Therefore, she has forfeited any challenge to this finding which is also dispositive of her asylum claim. *See Hernandez*, 47 F.4th at 916.

**PETITION FOR REVIEW DENIED**.[1]

---

[1] The temporary stay of removal remains in place until the mandate issues.